IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | Case No. 3:24-cr-00105 |
| Plaintiff, | : | Judge Michael J. Newman |
| v. | : | |
| CAYLAN BUTCHER, | : | |
| Defendant. | : | |

**FINAL ORDER OF FORFEITURE**

Upon the United States' Motion for Final Order of Forfeiture and the Court's review of the record, the Court HEREBY FINDS THAT:

On April 24, 2025, the Court entered a Preliminary Order of Forfeiture, finding that all right, title, and interest in the following property (the "subject property") had been forfeited to the United States pursuant to 18 U.S.C. § 2253(a)(1) and (3):

- Motorola Moto G Play cellular telephone, Model XT2271DL, IMEI: 354215686661667;

- BLU View Speed cellular telephone, Model B1550VL, IMEI: 350547791404987;

- Maxwest Astro 8R tablet, Model MX-A8R, IMEI: 356388975419010 (SIM slot 1) and 356388976424019 (SIM slot 2); and

- BLU View 2 cellular telephone, Model B131DL, IMEI: 356469985286845.

(Doc. 26.)

The Court also found that the defendant had an interest in the subject property and directed the United States to seize the subject property and to give notice of its intent to forfeit the property. (*Id.*)

The United States gave electronic notice through the CM/ECF notification system of the

Motion for Preliminary Order of Forfeiture to counsel for the defendant, and the defendant did not object to the forfeiture of the subject property.

On September 22, 2025, the Court held the defendant's sentencing hearing and announced the forfeiture of the subject property.  (Doc. 31.)   The Judgment establishes that the defendant shall forfeit the subject property to the United States.   (Doc. 32.)

The United States published notice of this forfeiture action and of its intent to dispose of the subject property in accordance with the law on an official government forfeiture internet site (www.forfeiture.gov) for at least 30 consecutive days, beginning on April 26, 2025.   (Doc. 28.)

The United States did not send direct written notice of the Preliminary Order of Forfeiture because there was no person who reasonably appeared to be a potential claimant with standing to contest the forfeiture of the subject property in the ancillary proceeding.

No person or entity has filed a timely petition with the Court asserting any interest in the subject property or objecting to its proposed forfeiture.

THEREFORE, IT IS HEREBY ORDERED THAT:

1. All right, title, and interest in the subject property is condemned and forfeited to the United States pursuant to 18 U.S.C. § 2253(a)(1) and (3), and no right, title, or interest shall remain in any other person or entity.

2. The United States shall dispose of the subject property in accordance with the law.

3. The United States District Court shall retain jurisdiction in the case for the purpose of enforcing this Final Order of Forfeiture.

**IT IS SO ORDERED.**

Dated: 10/27/2025          s/ *Michael J. Newman*
                                              HONORABLE MICHAEL J. NEWMAN
                                              UNITED STATES DISTRICT JUDGE